EVERETT TORREY & others *vs.* THE DUSTIN MONUMENT ASSOCIATION.

If the power of the treasurer of an association, incorporated for the purpose of erecting and maintaining a monument, is expressly limited in the by-laws to the payment of such bills as have been approved by the directors in a particular form, he cannot bind the corporation by a negotiable promissory note on demand, given in part payment for the monument, although the directors have authorized a committee to contract for the same and draw on the treasurer for the price, and the committee have accordingly contracted for the same, and the monument has been erected and approved by the corporation, and the committee have verbally authorized the treasurer to pay the price, and he thereupon, not having on hand sufficient money for the purpose, has executed the note.

CONTRACT upon the following promissory note: " $550. For value received of R. Pickering & Co., *the* Dustin Monument Association promise to pay them or their order the sum of five

hundred and fifty dollars on demand, with interest from date. George Coffin, Treasurer of Dustin Monument Association Haverhill, June 1, 1861." Indorsed, " R. Pickering & Co."

A trial by jury was waived in the superior court, and the case was heard before *Morton,* J. It appeared that the defendants were incorporated for the purpose of erecting and maintaining a monument in the town of Haverhill, and among the by-laws passed by the directors, in pursuance of the charter, was the following :

"*Article* 3. The treasurer shall keep a full account of the financial concerns of the corporation, receive all money belonging thereto, and deposit the same in the bank or banks selected by the board of directors, or invest the same in such manner as the board may direct; pay no bills unless approved by the board of directors ; such approval to be recorded on the bills by the secretary, as follows: ' Approved by the board of directors. ―― ――, Secretary of the Dustin Monument Association. ―― ――, 18―.' "

At a meeting of the board of directors, held January 8, 1861, the following votes were passed :

" *Voted,* To adopt the model No. 123, presented by the committee, on an enlarged plan.

" *Voted,* To choose a committee of three, who shall have power to contract for the building of the monument. Chose J. S. Lamprey, Numa Sargent, and George Coffin.

" *Voted,* That the committee have power to draw on the treasurer for an amount not to exceed $1200."

This committee contracted for the building of said monument with R. Pickering & Co., the payees of said note, and agreed to pay them therefor the sum of $1200, on the completion of the monument. R. Pickering & Co. erected a monument in pursuance of said contract to the acceptance of said committee, and it was subsequently approved by the corporation. The monument was placed and yet stands upon the grounds of the corporation appropriated for the purpose. At the time of giving the note, George Coffin was treasurer of the corporation. After the completion of the monument, the committee verbally authorized

the treasurer to pay the bill of R. Pickering & Co., and thereupon the treasurer settled the bill by paying $500 in cash, and the balance in two notes, of which the note in suit is one; and the said R. Pickering & Co. receipted their bill and delivered it to the treasurer. When the committee authorized this payment, and when the notes above named were given, there was not sufficient money in the treasury of the corporation to pay the whole amount of the bill. The bill was subsequently approved by a vote of the board of directors; but there was no ratification or adoption of the notes, and at the time of passing said vote the directors did not know that the treasurer had given the notes. The note in suit was indorsed to the plaintiffs for a good consideration before the expiration of sixty days from its date.

This was all the evidence bearing upon the question of the treasurer's authority to sign the note in suit, so as to bind the defendants; and the judge ruled that he was not authorized to give the note in suit on behalf of the defendants, and that the defendants were not liable thereon; and found for the defendants. The plaintiffs alleged exceptions.

*J. Q. A. Griffin*, for the plaintiffs.

No counsel appeared for the defendants.

BIGELOW, C. J. There was no authority vested in the treasurer to bind the company by a negotiable promissory note. His power was expressly limited to the payment of such bills as should be duly approved by the directors; that is, he was only authorized to discharge them by payment in cash out of the corporate funds in his hands as treasurer. He was a special agent, clothed only with a specific and well defined authority. As such, it is well settled that he could not bind his principals by giving in their name negotiable paper. *Taber* v. *Cannon*, 8 Met. 456. *Paige* v. *Stone*, 10 Met. 160. *Webber* v. *Williams College*, 23 Pick. 302.

One of the reasons on which this rule is said to be founded is, that in an action between original parties there may be counter claims of set-off and other matters of defence, growing out of their mutual dealings, which could not avail the principal in a suit against him by an indorsee of a negotiable note.

28*

*Webber* v. *Williams College, ubi supra.* And it might be sug‹ gested that the rule is not applicable to promissory notes on demand under our statute, which provides that any matter shall be deemed a legal defence to such a note in the hands of an indorsee which would have been in an action brought by the promisee. Gen. Sts. *c.* 53, § 10. It is true that this provision takes away one of the reasons in support of the rule, but it does not change the rule itself. We cannot infer from such an enactment an intention of the legislature to repeal an express and well established rule of law, especially when it is apparent that the provision was passed *diverso intuitu.* We should not be warranted in making such an application of the doctrine of repeal by implication.                    *Exceptions overruled.*